In the Matter of the Application of MARIO L. RICCARDI, Appellant, for a Peremptory Order of Mandamus against JOSEPH H. WILSON, Warden, THE PRISON BOARD OF GREAT MEADOW PRISON, and the PAROLE BOARD OF THE STATE OF NEW YORK, Respondents.— Appeal by petitioner from a denial of mandamus. The petition asked that the warden of Great Meadow Prison be required to certify under section 232 of the Correction Law that petitioner was a prisoner entitled to be released on parole in February, 1937. The warden asserts that petitioner began to serve a five-year sentence for robbery on December 4, 1935, and that February 20, 1939, is the earliest possible date when he would be entitled to parole. Petitioner was received at Sing Sing Prison (he has now been transferred to Great Meadow) on December 4, 1933. The first two years that he was in prison were served, according to the warden's contention, as a parole delinquent, the petitioner having been sentenced to Elmira Reformatory on April 12, 1930, for a term of ten years, paroled on June 29, 1932, and declared delinquent on September 23, 1933, because of the robbery charge upon which he was later convicted and the sentence for which he is now serving. When the Parole Board found him to be delinquent he was required to serve six years, six months and eighteen days, the balance of his ten-year term in Elmira. This was later reduced by the Parole Board to two years. It was proper to transfer the prisoner from Elmira Reformatory to a State prison. (Correction Law, § 293.) The statute requires a person under sentence for a felony who afterwards commits another felony to serve his first term before beginning his second. (Penal Law, § 2190, subd. 2.) Order unanimously affirmed. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

WILLIAM E. WOOLLARD, Respondent, v. SCHAFFER STORES COMPANY, INC., Appellant.— Appeal from an order denying the defendant's motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The complaint states facts sufficient to constitute a cause of action. The judgments in the former actions between these parties under this lease, if they are to be availed of by the defendant, must be set up in an answer as *res adjudicata* or as a plea in bar. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.